UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

P.P., individually and A.P., by his parent
and next friend, P.P.,

        Plaintiffs,

   v.                                               **DECISION AND ORDER**
                                                                          09-CV-922S

EVANS-BRANT CENTRAL SCHOOL DISTRICT,

        Defendant.

       1.      Plaintiff, P.P., a minor, individually and through his parent, Plaintiff A.P., after receiving favorable rulings at the administrative level against Defendant Evans-Brant Central School District ("Evans"), bring this action for attorney fees pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 *et seq.*, as re-authorized and amended by the Individuals with Disabilities Education *Improvement* Act (IDEIA). Presently before this Court is Evans' Motion to Dismiss (Docket No. 8). For the following reasons, Evans' motion is granted in part and denied in part.

       2.      The facts of this case are clear and straightforward. Under New York Education Law ("N.Y. Educ. Law"), parents who are dissatisfied with a proposed Individualized Education Plan for their children may request, pursuant to IDEA-mandated procedures, review before an impartial hearing officer ("IHO") appointed by the board of education. N.Y. Educ. Law. § 4404(1) (McKinney 2001 & 2008 Cumulative Pocket Part); see generally 20 U.S.C. § 1415(f) (describing requirements for impartial due process hearing). A.P., dissatisfied with the educational placement of his disabled son while he was a student at Evans, filed such a complaint against Evans. On May 23, 2008, after a

hearing, Martin Kehoe III, the IHO in this case, issued a Pendency Decision in Plaintiffs' favor. (IHO Pendency Decision, Docket No.1-3.) Like a preliminary injunction, it ordered Evans to provide certain educational services while the final decision was pending. Subsequently, on July 16, 2008, the IHO issued his final decision, determining that Defendant failed to provide A.P. with a Free Appropriate Public Education for the 2007-08 school year. (IHO Final Decision, Docket No. 1-4 ). Plaintiffs, believing they were prevailing parties, sought attorney fees and costs from Evans as authorized under the IDEA. See 20 U.S.C. § 1415(i)(3)(B)(I); (Complaint ¶ 33; Docket No. 1.) Evans denied that request (Complaint ¶ 37) and eventually brought this motion arguing that Plaintiffs are not entitled to any fees or costs.

3. Evans argues that Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(6). Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S. Ct. at 1949. The plausibility

standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

5. When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

6. Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S. Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id.

7. Evans first argues that Plaintiffs' claim should be dismissed in its entirety for two reasons: (1) it falls outside of the statute of limitations and (2) Plaintiffs fail to plead an

essential element of their claim. Evans, represented by same counsel in a similar case before this Court, No. 09-CV-686S, made identical arguments there.[1] Having already addressed those arguments and having found them without merit, this Court will not engage in further discussion here.

8. Evans also argues that the Complaint should be dismissed in its entirety because Plaintiffs were not a prevailing party at the administrative level. Further, Evans posits that certain parts of the complaint should be dismissed, specifically those sections seeking attorney fees (1) regarding the Pendency Decision, (2) relating to a Committee on Special Education meeting, and (3) assessed after January 9, 2008. Plaintiffs dispute the merits of these arguments and also argue that the resolution of such claims is not proper at the motion to dismiss stage.

9. As to Plaintiffs' latter contention, with one narrow exception (see n. 3, *infra*), this Court disagrees. Evans seeks a ruling from this Court on questions exclusively related to matters of law with no factual dispute. Further, both the IHO decisions and the breakdown of the attorney fees at issue are attached to the Complaint as Exhibits "A" through "C". As such, adjudication of Evans' arguments are appropriate at this stage of the proceedings. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. June 27, 1991) ("In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."); 3 Moore's Federal Practice § 12.34[2] (3d ed. 2009) (Rule 12(b)(6) motions

---

[1] Plaintiffs' counsel is also the same in both actions.

address deficiencies in a complaint).  Thus, each of Evans' arguments will be addressed below.

10.     First, this Court finds that Evans' contention that Plaintiffs should not be considered "prevailing parties" is without merit. Evans notes that a party cannot be said to have prevailed in the IDEA context where all matters have been previously resolved and the IHO merely orders the school district to continue its present course of action. However, that was not the case here. While IHO Kehoe did note that some matters were resolved, he unequivocally ruled in favor of Plaintiffs on other matters. (See IHO Decision, p. 14.) ("Since I rule in favor of the Parents' on these issues, I will offer the broad calculation of the additional services owed and then remand to the CSE [Committee on Special Education] for the administration of those services.") Therefore, Plaintiffs are prevailing parties entitled to fees and costs. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (defining "prevailing party" as "one who has been awarded some relief by the court").

11.     Equally without merit is Evans' contention that Plaintiffs cannot recover fees for work related to the pendency decision. This is only true, as the three cases cited by Evans make evident, if a pendency decision was the only decision issued in the case. See Robert K. v. Cobb Cnty. Sch. Dist, 279 Fed. Appx. 798, 801 (11th Cir. 2008) (plaintiffs requested only pendency relief); Bd. of Educ. of Oak Park v. Nathan R., 199 F.3d 377, 381 (7th Cir. 2000) ("The Parents' claim for attorneys' fees stems *solely* from the imposition of the [pendency] placement.") (Emphasis added); O'Shea v. Bd. of Educ. of Poughkeepsie City Sch. Dist., 521 F. Supp. 2d 284 (S.D.N.Y. 2007) (No entitlement to fees where parties settled after pendency decision). O'Shea, the only case from this Circuit cited by Evans,

is distinguishable on yet another ground. There, the court found that the plaintiffs could not recover fees because they relied on the "catalyst theory," which has been rejected by the Supreme Court. See O'Shea, 521 F. Supp. 2d at 291(citing Buckhannon, 532 U.S. at 601-02.) Under the catalyst theory, a plaintiff is a prevailing party if it achieves its desired result because a lawsuit brought about a voluntary change in the defendant's conduct. Id. Here, however, Plaintiffs do not, and need not rely on catalyst theory because there was no voluntary change – in the Pendency Decision IHO Kehoe "so ordered" Evans to provide P.P. with certain educational services. Cf. O'Shea, 521 F. Supp at 292 ("Here, there is no indication that the parties' settlement of the 2003–04 tuition claim was ever 'so ordered' by an IHO."). IHO Kehoe's decision constituted an administrative decree on the merits of Plaintiffs' claim, which is all that the Second Circuit requires to render plaintiffs eligible for a fee award. See A.R. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 78 (2d Cir. 2005) (deciding whether a settlement agreement entitled plaintiffs to fees under a standard that asks if the agreement was an "administrative decree on the merits").

12.     Further, Evans cites no case law, nor any provision of the IDEA that indicates that plaintiffs are barred from recovering fees associated with a pendency decision when they are also granted relief at the final decision stage. The IDEA states simply that the prevailing party is entitled to attorney fees. 20 U.S.C. § 1415(i)(3)(B)(I). Even if it is inadequate in itself, the Pendency Decision was simply one step in the final resolution of Plaintiffs' claims which resulted in a ruling in their favor. Having been presented no case law on point, this Court sees no reason to separate the work done at the pendency level from the final result. Indeed, among the services ordered by IHO Kehoe in his Final Decision were additional Occupational and Speech Therapy sessions, the

6

same issues addressed by the Pendency Decision. Thus, Evans' motion on this ground is denied.

13. Evans also objects to fees that it believes Plaintiffs' counsel billed in connection with meetings conducted before July 16, 2008, the date of IHO Kehoe's Final Decision, which included an order instructing the parties to meet. Plaintiffs do not dispute the ground on which Evans rests this argument – that the IDEA bars fees arising out of any meetings not conducted as a result of an administrative proceeding or judicial action. However, they argue that, regarding a January 16, 2008 meeting, they only billed for time in preparation for the meeting and not the meeting itself, which they argue is permitted under the IDEA. Further, they argue that they are entitled to fees from a later meeting[2] because the issues overlapped with the meeting ordered by IHO Kehoe.

14. This Court is unpersuaded by Plaintiffs' arguments. As an initial matter, the IDEA is clear that fees are unrecoverable "relating to any meeting . . . unless such meeting is convened as a result of an administrative proceeding or judicial action." 20 U.S.C. § 1415(i)(3)(d)(iii). This prohibition logically extends to the preparation for such a meeting. Moreover, a contrary interpretation would contravene Congress' intent to encourage an informal setting without attorney-based influence. See § 1415(f)(1)(B)(i)(III) (barring the school district from bringing an attorney to a preliminary meeting unless the parents also bring an attorney); see also H.R. Rep. 108-77, at 114 (2003) ("The Committee feels that parents and local educational agency officials, in most cases, should be able to easily resolve issues when they are brought to the attention of appropriate individuals within the

---

[2] Neither party identifies the date of this meeting.

school system. The bill creates a new concept of the resolution session that is intended to improve the communication between parents and school officials.").

15.     This Court once again looks to the plain terms of the IDEA – prohibiting fees for any meeting not ordered by a court or an IHO – to determine that Plaintiffs second argument is also unavailing. Plaintiffs point to no case law or provision of the IDEA that would support its apparently novel concept that it can recover fees simply because some of the issues from a previous meeting overlapped with a later, IHO ordered meeting. Thus, this Court finds, as the IDEA mandates, that no fees are recoverable for any meeting or for any preparation for a meeting prior to July 16, 2008.[3]

16.     Lastly, this Court will address Evans' final argument that no fees are recoverable after January 9, 2008 because, as Evans argues, at that point it had offered, by way of proposed settlement, all the relief that Plaintiffs eventually received from IHO Kehoe. Indeed, if that were true, Plaintiffs would be barred from recovering fees after that date under the IDEA. 20 U.S.C. § 1415(i)(3)(d)(I) (no fees permitted if, *inter alia*, final decision afforded plaintiffs no more relief than that offered by school district in settlement letter). However, to undertake this analysis, this Court must compare Evans' settlement offer to the IHO's final decision. Although Evans apparently meant to attach its settlement letter to its memorandum of law, this Court does not have the letter before it. Thus, this issue cannot be resolved at this time and will be addressed at a later date. Therefore, Evans' motion in this regard is denied.

---

[3] The parties also appear to dispute whether another entry, showing two hours billed on January 16, 2008 relates to the meeting on that date or something else. But this issue is improperly before this Court at the motion to dismiss stage.

* * *

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 8) is GRANTED with respect to Plaintiffs' claim for attorney fees relating to meetings that occurred before July 16, 2008 and DENIED in all other respects.

SO ORDERED.

Dated:  January 16, 2012
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
